UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STANLEY KUZMICKI,<br><br>  Plaintiff,<br><br>v.<br><br>SHANNON ERNST, *et al.*,<br><br>  Defendants. | Case No.: 3:18-cv-00448-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**<br><br>Re: ECF Nos. 1, 4 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff has filed an application to proceed in forma pauperis (IFP) (ECF No. 4) and *pro se* complaint (ECF No. 1). It is recommended that the IFP application be granted, and that the complaint be dismissed with one of the claims being dismissed with leave to amend and the remaining claims being dismissed with prejudice.

## I. IFP APPLICATION

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

///

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Plaintiff cannot pay the filing fee; therefore, the application should be granted.

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is

essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

**1. Summary of Allegations**

The complaint names Shannon Ernst, an employee at the Churchill County Administrative Complex, as well as Ernst's unknown accomplice. (ECF No. 1-1 at 2.) Plaintiff alleges that on May 8, 2018, he entered the Churchill County administrative building to obtain an energy

3

assistance application for his 92-year-old friend, Niki. He contends that he was not able to find the application, and then Ernst saw him walking toward the office and said, "You have no business to go to that office." (*Id*. at 3.) Plaintiff told Ernst why he was there two times. (*Id*.) Ernst allegedly responded, "You have your liaison," and when Plaintiff reiterated that he was there on behalf of Niki, she again stated, "you have no business to go to that office." (*Id*. at 4.)

Plaintiff asserts a claim for discrimination and retaliation under the Americans with Disabilities Act (ADA) against Ernst. (*Id*. at 4.) He states that Ernst knew of his disabilities since his eviction in June of 2015.

Plaintiff goes on to discuss his previous arrest and court proceeding, but makes no connection to any conduct by Ernst. (*Id*. at 6-7.)

He goes on to describe, as far as the court can discern, facts related to Niki's guardianship proceeding, and placement in a supervised facility. (*Id*. at 7-12.) He complains about restricted visitation, the conditions of her stay in the facility and the care she received there. Again, Plaintiff does not connect these allegations about Niki to Ernst.

At the end of the complaint, Plaintiff makes reference to a violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C .§ 2000d-4a, § 2000d-7. (*Id*. at 12-13.)

Finally, he discusses damages and states that Niki lost $400,000 of inheritance money, with a vague reference to a guardian in New York. (*Id*. at 13-14.)

**2. Analysis**

Plaintiff fails to state a claim upon which relief may be granted.

First, Plaintiff fails to state a claim under the ADA. A plaintiff seeking to state a claim under Title II of the ADA for disability discrimination must allege facts showing that: (1) he is a qualified individual with a disability; (2) he was excluded from participation in or denial of the

4

benefits of the services, programs or activities or subject to discrimination by a public entity; and (3) the exclusion, denial of benefits, or discrimination was by reason of the disability. 42 U.S.C. §§ 12131, 12132.

Plaintiff alleges no facts indicating the disability he suffers from so as to come within the parameters of the ADA. Nor does Plaintiff allege he was denied benefits of services of the public entity *because of* his disability. Plaintiff only alleges that Ernst told him he had no business to go into a particular office in the administrative building. While Ernst includes a conclusory statement that Ernst had a discriminatory animus, there are no factual allegations supporting this claim. As a result, the ADA claim should be dismissed. It is unclear at this point whether Plaintiff can allege facts to cure the noted deficiencies; therefore, Plaintiff should be given an opportunity to amend.

Second, Plaintiff does not state a claim under Title VI of the Civil Rights Act of 1964. Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, et. seq., prohibits discrimination on the basis of race, color and national origin in programs and activities receiving federal financial assistance. Plaintiff includes absolutely no allegations of discrimination by Ernst based on race, color or national origin. Again, Plaintiff merely alleges that Ernst told Plaintiff he did not have any business entering a particular office in the county administrative building. Since there does not appear to be *any* basis for a claim under the Act, this claim should be dismissed with prejudice.

Finally, Plaintiff includes many allegations about his friend Niki, her guardianship case, her confinement in some sort of facility and the conditions and her care while at the facility. Plaintiff does not have standing to raise claims on Niki's behalf. *See Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (plaintiff must show he has suffered injury in fact). Moreover, federal courts generally abstain from getting involved in cases where there is an ongoing state court proceeding and do not second guess state court

decisions. *See Younger v. Harris,* 401 U.S. 37 (1971); *Moore v. Sims*, 442 U.S. 415, 423 (1979); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Therefore, any claims surrounding Niki's guardianship and confinement to the facility should be dismissed with prejudice.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order:

(1) **GRANTING** Plaintiff's IFP application (ECF No. 4). Plaintiff is permitted to maintain this action without prepaying the filing fee or giving security therefor. This order granting IFP status does not extend to the issuance of subpoenas at government expense.

(2) The complaint (ECF No. 1) should be **FILED**.

(3) The ADA claim should be **DISMISSED WITH LEAVE TO AMEND**.

(4) The remaining claims for violation of Title VI of the Civil Rights Act of 1964 and concerning Niki's guardianship and confinement should be **DISMISSED WITH PREJUDICE**.

(5) Plaintiff should be given 30 days from the date of any order adopting this report and recommendation to file an amended complaint correcting the deficiencies noted with respect to the ADA claim. The amended complaint must be complete in and of itself without referring or incorporating by reference any previous complaint. Any allegations, parties, or requests for relief from a prior complaint that are not carried forwarded in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." Plaintiff should be cautioned that if he fails to file an amended complaint within the 30 days, the action may be dismissed.

///

Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: November 7, 2018.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE