# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| STANLEY KUZMICKI,<br><br>  Plaintiff,<br><br>v.<br><br>SHANNON ERNST, *et al.*,<br><br>  Defendants. | Case No.: 3:18-cv-00448-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 6 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

The court has screened the amended complaint (ECF No. 6), and recommends that this action be dismissed with prejudice.

## I. BACKGROUND

Plaintiff Stanely Kuzmicki filed an in forma pauperis (IFP) application and pro se complaint. (ECF Nos. 1, 1-1.) The undersigned issued a report and recommendation that the IFP application be granted, and screened the complaint under 28 U.S.C. 28 U.S.C. § 1915(e). It was recommended that Kuzmicki's claim under the Americans with Disabilities Act (ADA) be dismissed with leave to amend, and that the other claims asserted be dismissed with prejudice. (ECF No. 5.) District Judge Du accepted and adopted the report and recommendation. (ECF No. 7.) In the interim, Kuzmicki had filed an amended complaint (ECF No. 6), which the court now screens.

///

## II. SCREENING

**A. Standard**

"[T]he court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain

something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Kuzmicki's Amended Complaint**

    **1. Niki**

Kuzmicki's original complaint contained many allegations about his friend Niki, her guardianship case, and her confinement in some sort of facility and the conditions of her care while at that facility. Kuzmicki was advised that he could not raise claims on his friend Niki's behalf. Nevertheless, the amended complaint names Niki Kollias Rasneor as a plaintiff and includes a host of allegations and claims that pertain to Niki, which are signed by Kuzmicki "on behalf of Niki Kollias Rasneor, after her repeated agreements an approvals." (ECF No. 6 at 35.)

First, Kuzmicki was only given leave to amend with respect to his ADA claim. Second, the court specifically advised Kuzmicki that he did not have standing to assert claims on behalf of Niki. Third, Kuzmicki is not an attorney licensed in the State of Nevada to bring suit on behalf of another person. Therefore, Niki and the allegations asserted by Kuzmicki on her behalf should be dismissed from this action.

**2. Kuzmicki's ADA Claim**

Like his original complaint, Kuzmicki contends that Ernst and an unidentified accomplice discriminated against him in violation of the ADA when he was excluded from going into an office of the Churchill County Social Services Building to request an energy assistance application for his friend Niki. Kuzmicki makes vague reference to an updated disabilities record from Renown Behavioral Services and diagnoses of schizophrenia and bipolar disorder. He does not, however, include allegations that he was excluded from services of a public entity *because of his* disability. While he might suffer from a disability, and Ernst may have precluded him from going into that particular office, he still does not make any connection between any alleged disability and Ernst's conduct. For these reasons, his amended complaint should be dismissed. Since he has already had an opportunity amend to correct these deficiencies, further amendment would be futile and the dismissal should be with prejudice.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DISMISSING** this action with prejudice.

Kuzmicki should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: July 19, 2019.

*William G. Cobb* (signature)
William G. Cobb
United States Magistrate Judge