UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STANLEY KUZMICKI,<br><br>                Plaintiff,<br>    v.<br>SHANNON ERNST, *et al.*,<br><br>                Defendants. | Case No. 3:18-cv-448-MMD-WGC<br><br>ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb ("R&R") relating to *pro se* Plaintiff's Amended Complaint ("FAC") (ECF No. 6). (ECF No. 9.) Plaintiff filed an objection (ECF No. 10), which the Court overrules and accepts and adopts the R&R in full.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no

objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In the FAC, Plaintiff asserts claims for himself and on behalf of another individual—Niki Kollias Rasneor ("Niki"). (ECF No. 6.) Judge Cobb recommends dismissing all claims with prejudice. (ECF No. 9 at 4.) Plaintiff objects, asserting, among other things, that Judge Cobb and this Court in its prior order accepting Judge Cobb's R&R concerning his original complaint (ECF No. 7) misrepresented Plaintiff's allegations and have improperly applied the applicable standard under Federal Rule of Civil Procedure 12(b)(6). (*See generally* ECF No. 10.) To the extent Plaintiff disagrees with this Court's prior order accepting the R&R, Plaintiff filed the FAC before this Court issued its order, and the Court now considers the FAC in full and overrules Plaintiff's objections.

Magistrate Judge Cobb recommends dismissing the claims Plaintiff brings on behalf of Niki for multiple reasons, including that Plaintiff is not a licensed attorney and thus cannot assert claims on behalf of another person. (ECF No. 9 at 3.) This Court agrees that, as a matter of law, Plaintiff cannot represent Niki in a lawsuit. *See, e.g.*, *Hillygus v. Doherty*, Case No. 19-15137, 2019 WL 3384896, at *1 (9th Cir. June 27, 2019) (dismissing appeal as frivolous and noting "Appellant Roger Hillygus may not represent other appellants because he is proceeding pro se").

Judge Cobb additionally recommends dismissing Plaintiff's claims for discrimination and retaliation asserted under the Americans with Disabilities Act ("ADA") because Plaintiff fails to assert facts supporting that he was discriminated or retaliated against "because of" his disability. (*Id.* at 4.) Upon reviewing the FAC, this Court agrees that Plaintiff fails to state a colorable claim under the ADA.

Under Rule 12(b)(6), a complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989) (emphasis in original)). To state a claim under Title II of the ADA for disability discrimination a plaintiff must allege facts showing that: 1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. 42 U.S.C. § 12132. A disability within the meaning of the statute is a "physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102.

Here, Plaintiff asserts that he has mental disabilities, but fails to allege facts *connecting* purported acts of discrimination with his disability—i.e., that he was discriminated against by reason of his disability. At most, Plaintiff asserts that Defendant Ernst and others unknown to him have knowledge of his disability and separately discriminated against him. (ECF No. 10 at 6–9.) Plaintiff thus fails to state a claim which may entitle him to relief under the ADA. Accordingly, the Court adopts Judge Cobb's recommendation that Plaintiff's claims be dismissed with prejudice.[1]

The Court further recognizes that Plaintiff has moved to have another judicial officer—aside from this judge or Judge Cobb—review this case. (ECF No. 11.) While Plaintiff may disagree with the rulings in his case, the appropriate recourse for Plaintiff is to appeal this Court's decision. Disagreeing with a judge's decision is not a proper basis to seek the judge's recusal. The Court therefore denies this motion.

///

///

---

[1] It appears Plaintiff may have also attempted to raise claims for violation of his free speech in the FAC (ECF No. 6 at 10), however, Plaintiff does not allege sufficient facts to support such a claim.

1 | It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 9) is accepted and adopted in its entirety. The Court overrules Plaintiff's objections.

It is further ordered that the Amended Complaint (ECF No. 6) is dismissed with prejudice.

It is further ordered that Plaintiff's motion for a different judge (ECF No. 11) is denied.

It is further ordered that Plaintiff's motion for appointment of counsel (ECF No. 12) is denied as moot.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 19th day of September 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE